UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL HIGGINS and
APRIL HIGGINS,

        Plaintiffs,

    v.                                                        Case No. 22-C-198

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.

---

## DECISION AND ORDER

---

       This diversity action arises out of a dispute between Plaintiffs Michael and April Higgins and their insurer, Defendant State Farm Fire and Casualty Company. Plaintiffs filed this action in the Circuit Court of Brown County, Wisconsin, asserting breach of contract and bad faith claims against State Farm. State Farm removed the matter to this Court on the basis of diversity jurisdiction on February 16, 2022. On March 28, 2022, Plaintiffs filed a motion for partial summary judgment, for declaratory judgment, and to compel appraisal. State Farm filed a motion for summary judgment on April 26, 2022. The motions are now fully briefed and ready for resolution. For the following reasons, State Farm's motion will be granted, and Plaintiffs' motion will be denied.

## BACKGROUND

       This case arises out of a fire that occurred on February 24, 2021, at a rental dwelling owned by Plaintiffs located at 1228 Day Street in Green Bay, Wisconsin. Pl.'s Proposed Findings of Fact (PPFOF) ¶ 6, Dkt. No. 19. At the time of the fire, State Farm insured the dwelling for fire damage. *Id.* at ¶ 7. Plaintiffs informed State Farm of the damage on the same day as the fire. *Id.* at ¶ 9.

Plaintiffs and State Farm retained separate qualified contractors to estimate the cost of the repair to the fire-damaged dwelling. *Id.* at ¶¶ 10–11. On April 6, 2021, State Farm advised Plaintiffs that its contractor estimated that the cost of repair was $54,692.48. *Id.* ¶ 12. On April 21, 2021, Plaintiffs disputed the amount of loss and provided an estimate in the amount of $159,019.06. *Id.* at ¶ 13. After another round of estimates, State Farm revised its amount of loss estimate to $72,166.96 on June 22, 2021. *Id.* at ¶ 14. On July 30, 2021, Plaintiffs provided State Farm with an updated estimate of loss of $156,993.49 plus $8,373.63 for debris removal. *Id.* at ¶ 15. They also provided a signed proof of loss for the dwelling policy limits including the five percent increased limit for debris removal and for 12 months of lost rent at a rate of $850 per month. *Id.* The difference between State Farm's estimate and Plaintiffs' estimate is close to $85,000. *Id.* at ¶ 16.

> The insurance policy at issue included an appraisal provision that states:
>
> If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of the receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

*Id.* at ¶ 8 (emphasis in original).

On October 1, 2021, Plaintiffs demanded that State Farm submit to an appraisal to resolve the parties' disagreement over the amount of loss and named Mike Zegers of Accurate Claims,

Inc. as their appraiser. *Id.* at ¶ 19. On October 6, 2021, State Farm rejected the request for appraisal. *Id.* at ¶ 20. It explained:

> We have received a copy of the estimate from you on July 30, 2021 in the amount of $156,993.49 for the repairs to the structure along with a debris disposal estimate of $8,373.63. You have also requested $850.00 loss of rents per month for the period of time until the house is restored. The scope of repairs differs between your estimate and State Farm's estimate. We also differ in the fair rental evaluation of the claim.
>
> The appraisal provision in the policy is to resolve differences in the amount of the loss. The estimate provided by you presents a dispute in damages under the Rental Dwelling policy. Appraisal cannot be used to resolve disputes regarding scope differences. Therefore, appraisal would not be appropriate as outlined above; the appraisers and umpire have no authority to decide the scope of the damage.

*Id.* State Farm later modified its response, indicating that it would enter into appraisal over the areas where the contractors had "pricing differences" but not in areas where the contractors had "scope differences." *Id.* at ¶ 21. State Farm agreed to the appraisal process for four items based on "price differences:"

| Line Item | State Farm | Miller |
|---|---|---|
| Carpet pad (bedroom) | $ .58/sf | $ .59/sf |
| Carpet replace (bedroom) | $3.52/sf | $3.60/sf |
| Stain and finish window sill | $2.61/sf | $2.62/sf |
| ½" drywall hung, taped, floated, ready for paint | $1.61/sf | $1.93/sf |

*Id.* at ¶ 22. But State Farm identified 41 "scope differences" between the parties' estimates which it asserted were not subject to the appraisal process. *Id.* at ¶ 23. Plaintiffs continued to disagree with State Farm's position and did not seek to move forward with the appraisal process on only the four items State Farm listed. Def.'s Proposed Findings of Fact ¶ 9, Dkt. No. 28.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The fact that the parties filed cross-motions for summary judgment does not

3

alter this standard. In evaluating each party's motion, the court must "construe all inferences in favor of the party against whom the motion under consideration is made." *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561–62 (7th Cir. 2002) (internal quotation marks and citations omitted). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

### A. Declaratory Judgment Claim

Plaintiffs request an order for declaratory relief that State Farm must participate in the appraisal process set forth in the insurance policy. The Declaratory Judgment Act allows federal courts, in their discretion, to render declaratory judgments when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks and citation omitted); *see* 28 U.S.C. §§ 2201–02. In this case, a declaratory judgment is appropriate because there is a real conflict between the parties that centers not on the interpretation of the facts but the application of the law. The Court will now turn to the merits of the parties' arguments.

The parties' dispute centers on the interpretation of the insurance policy's appraisal provision. Plaintiffs assert that the term "amount of loss" in the appraisal provision includes determinations on the scope or extent of damage and the method of repair and that the matter should be sent to appraisal to resolve the parties' disputes regarding the scope of the damage. State Farm, on the other hand, contends that an appraiser does not have the authority to decide the scope or cause of the damage because, under the plain language of the policy, a claim can only be sent to appraisal when the parties have disagreements about the pricing or valuation of an item.

Under Wisconsin law, the interpretation of an insurance policy presents a question of law. *Stuart v. Weisflog's Showroom Gallery, Inc.*, 2008 WI 86, ¶ 18, 311 Wis. 2d 492, 753 N.W.2d 448. The goal of contract interpretation is to determine and "give effect to the parties' intentions." *Tufail v. Midwest Hospitality, LLC*, 2013 WI 62, ¶ 25, 348 Wis. 2d 631, 833 N.W.2d 586 (citation omitted). When the terms of the insurance policy are clear and unambiguous, the Court must interpret it according to its literal terms. *Gorton v. Hostack, Henzel & Bichler, S.C.*, 217 Wis. 2d 493, 506, 577 N.W.2d 617 (1998). If the terms of the policy are ambiguous, or are fairly susceptible to more than one reasonable interpretation, the court must attempt to ascertain the intent of the parties. *Id.* The policy's terms should be "interpreted as they would be understood by a reasonable person in the position of the insured." *Stuart*, 311 Wis. 2d 482, ¶ 18 (citing *State Farm Mut. Auto. Ins. Co. v. Langridge*, 2004 WI 113, ¶ 47, 275 Wis. 2d 35, 683 N.W.2d 75).

The Wisconsin Court of Appeals in *St. Croix Trading Co./Direct Logistics, LLC v. Regent Ins. Co.*, 2016 WI App 49, 370 Wis. 2d 248, 882 N.W.2d 487, recently held that an appraisal panel can only determine disputes regarding value, not coverage. There, a historic building was damaged by a "wind loss." *Id.* at ¶ 2. The building owner estimated the cost of repairs to be $104,533, while the insurer estimated to cost of repairs to be $3,224. *Id.* The insurance policy contained an

5

appraisal provision, which provided that an appraisal panel was permitted to determine the "value of the property or the amount of loss" and reserved the insured's right to deny coverage if an appraisal award issued. *Id.* The building owner sought appraisal, and the appraisal panel considered damage to seven property items. The panel awarded actual cash value and replacement costs for the shingle roof, the slate roof, and a fence but valued the remaining four items at zero because they were undamaged or not covered by the policy. *Id.* at ¶ 5.

The issue before the Wisconsin Court of Appeals was whether the appraisal panel had the authority to consider questions of coverage in its award determination. The court held that the appraisers were not permitted to examine questions of coverage. *Id.* at ¶ 14. It looked to the insurance policy's appraisal provision, which stated that the appraisers were to "state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision by any two will be binding." *Id.* The court found that the panel was limited to its "contractually assigned task" to value (1) the items of property and (2) the amount of the loss. *Id.* at ¶ 7. The court concluded that the panel exceeded its authority by considering whether the damage was covered under the policy. *Id.* at ¶ 17.

Under the plain language of the policy at issue in this case, the appraisal process is limited to circumstances where the insurer and insured disagree as to the "amount of loss," or the valuation of loss, not the scope or extent of damage and the method of repair. "An appraisal is a fair and efficient tool for resolving *valuation* disputes." *Gronik v. Balthasar*, No. 10-CV-954, 2013 WL 5376025, at *1 (E.D. Wis. Sept. 24, 2013) (internal quotation marks and citation omitted) (emphasis added); *see also Farmers Auto. Ins. Ass'n v. Union Pacific Ry. Co.*, 2009 WI 73, ¶ 42, 319 Wis. 2d 52, 768 N.W.2d 596 (noting that "an appraisal process is an agreement by parties to a contract to allow third party experts to determine the value of an item"). In other words, an

appraiser should not consider what caused each item of damage, only the cost of repairing the damage; courts "decide what caused the damage and whether damage caused by particular perils . . . are covered by plaintiffs' policy." *Gronik*, 2013 WL 5376025, at *3. Allowing an appraiser to determine issues of causation and the scope of damages would impermissibly result in the appraiser deciding whether certain damage is covered under the policy. *See Lynch v. Am. Family Mut. Ins. Co.*, 163 Wis. 2d 1003, 1009–10, 473 N.W.2d 515 (1991) ("[A]n agreement for an appraisal extends merely to the resolution of the specific issues of actual cash value and the amount of loss, all other issues being reserved for settlement by negotiation, or litigated in an ordinary action upon the policy." (citation omitted)). Other courts that have considered appraisal provisions like the one here have found that the appraisal process can only be used to determine the value of loss, not the scope of coverage. *See, e.g.*, *Beer v. Travelers Home & Marine Ins. Co.*, No. 19-C-306, 2020 WL 429480, at *4 (W.D. Wis. Jan. 28, 2020) (finding that the "appraisal provision is limited to determining the amount of loss, *not* challenges to coverage"); *Stone Creek Condominium Owners Assoc., Inc. v. Charter Oak Fire Ins. Co.*, No. 19-C-862, 2021 WL 354180, at *5 (W.D. Wis. Feb. 2, 2021) ("[T]he appraisal provision at issue in the declaratory judgment claim is similarly limited to determining the amount of loss, and does not include resolving coverage disputes, including whether damage to plaintiff's roofs was caused by a hail storm within the coverage period. That is a disputed issue of fact for trial.").

The appraisal provision in the insurance policy is limited to disputes over valuation, not causation or coverage. Accordingly, Plaintiffs' request that the Court order that State Farm participate in the appraisal process to resolve the parties' disagreement over the scope of work necessary to repair the covered property is denied, and their declaratory judgment claim is dismissed.

7

### B. Breach of Contract Claim

Plaintiffs allege that State Farm breached the insurance policy by failing to (1) relay accurate information concerning the terms and conditions of the Policy; (2) acknowledge and indemnify Plaintiffs for all damage arising out of the loss; and (3) honor Plaintiffs' right to an appraisal under the policy. Compl. ¶ 28, Dkt. No. 1. Plaintiffs seek summary judgment on their claim that State Farm failed to honor their right to an appraisal. In particular, Plaintiffs assert that State Farm breached the insurance policy by failing to submit to the appraisal process and failing to name an appraiser within 20 days of Plaintiffs' appraisal request. Pl.'s Br. at 13, Dkt. No. 16. As an initial matter, Plaintiffs never pled their theory that State Farm did not name an appraiser within 20 days in their complaint. Because Plaintiffs' complaint does not contain allegations to give State Farm fair notice of this claim, they cannot proceed on this breach of contract theory. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–57 (2007).

Although Plaintiffs asserts that State Farm breached the insurance policy by failing to submit to the appraisal process, appraisal was only appropriate for four of the 45 disparities in the parties' loss assessments. Plaintiffs did not agree to move forward with the appraisal process for those four issues. As a result, State Farm did not fail to honor Plaintiffs' right to an appraisal. Plaintiffs' breach of contract claim on this basis is accordingly dismissed.

### C. Bad Faith Claim

State Farm asserts that Plaintiffs' bad faith claim stemming from its denial of Plaintiffs' appraisal request should be dismissed. Under Wisconsin law, breach of contract is a "fundamental prerequisite" to proving bad faith. *Brethorst v. Allstate Prop. & Cas. Ins. Co.*, 2011 WI 41, ¶ 5, 334 Wis. 2d 23, 798 N.W.2d 467. Because Plaintiffs breach of contract claim relating to State

8

Case 1:22-cv-00198-WCG   Filed 07/05/22   Page 8 of 9   Document 36

Farm's alleged failure to honor Plaintiffs' right to an appraisal is dismissed, so too must the bad faith claim on this basis.

## CONCLUSION

For these reasons, State Farm's cross-motion for partial summary judgment (Dkt. No. 25) is **GRANTED**, and Plaintiffs' motion for declaratory judgment, for partial summary judgment, and to compel appraisal (Dkt. No. 15) is **DENIED**. Plaintiffs' claims for declaratory judgment, breach of contract relating to State Farm's alleged failure to honor Plaintiffs' right to an appraisal, and bad faith relating to State Farm's alleged failure to honor Plaintiffs' right to an appraisal are dismissed. The Clerk is directed to schedule a telephone conference to discuss further proceedings.

**SO ORDERED** at Green Bay, Wisconsin this 5th day of July, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge