UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL HIGGINS and
APRIL HIGGINS,

        Plaintiffs,

       v.                                     Case No. 22-C-198

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.

## DECISION AND ORDER GRANTING MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiffs' motion for reconsideration of the Court's July 5, 2022 order granting Defendant's motion for partial summary judgment and denying Plaintiffs' motion for declaratory judgment, for partial summary judgment, and to compel appraisal. This case arises out of a fire that occurred in February 2021 at a rental dwelling owned by Plaintiffs. Defendant insured the dwelling for fire damage at the time of the fire, and Plaintiffs informed Defendant of the damage on the same day as the fire. Each party retained a contractor to estimate the cost of the repair to the dwelling. The parties disagreed about the difference in the price of four items and the scope of the damage for 41 items. Plaintiffs demanded that Defendant submit to an appraisal to resolve the disputes. Although Defendant agreed to the appraisal process for the four items with "price differences," it asserted that the 41 items with "scope differences" were not subject to the appraisal process because those items involved questions of coverage. Plaintiffs did not seek to move forward with the appraisal on the four items Defendant listed and initiated this action. In its July 5, 2022 order, the Court concluded that the appraisal process is limited to disputes over valuation, not causation or coverage. *See St. Croix Trading Co./Direct*

*Logistics, LLC v. Regent Ins. Co.*, 2016 WI App 49, ¶ 7, 370 Wis. 2d 248, 882 N.W.2d 487 (concluding that "the appraisal panel's contractually assigned task was limited to assessing the value of the damaged property and that the panel exceeded its authority by determining which losses were covered by the Regent policy").

Plaintiffs take issue with the Court's conclusion that 41 scope differences involve a dispute over coverage. As the record then stood, it was not clear that the 41 items in dispute did not involve questions of coverage. I am now satisfied that the 41 scope differences involve factual disputes related to the means and method of repair and the matter should be sent to appraisal. The appraisal provision in the insurance policy provides:

> If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of the receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

Dkt. No. 29-7 at 13 (emphasis added).

Defendant argues that Plaintiffs' claimed damages raise questions as to whether and to what extent certain items suffered an accidental direct physical loss that triggers an initial grant of coverage. But Defendant conflates the issues of coverage and damage. The parties do not dispute that Plaintiffs' property sustained a fire loss covered by the policy. The parties' dispute over the cost of repair or replacement of certain items is not a coverage question but rather a factual dispute over the means and cost of correcting the damage. These are disputes over the amount of loss

2

which, under the terms of the policy, are to be resolved by the appraisal process when either party so demands. *See Farmers Auto Ins. Ass'n v. Union Pac. Ry. Co.*, 2009 WI 73, ¶ 43, 319 Wis. 2d 52, 768 N.W.2d 596 (noting that appraisals "promote finality, are time and cost-efficient, and place a difficult factual question—the replacement value of an item—into the hands of those best-equipped to answer that question").

For these reasons, Plaintiffs' motion for reconsideration (Dkt. No. 38) is **GRANTED**. The Court **VACATES** its July 5, 2022 order granting Defendant's motion for partial summary judgment and denying Plaintiffs' motion for summary judgment (Dkt. No. 36). The parties are directed to submit their disputes to the appraisal process. The case is stayed and administratively closed pending the completion of the appraisal process. Plaintiffs must notify the Court within 10 days of the completion of the appraisal process.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of September, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

3